NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHAYLENE E., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, B.E., *Appellees*.

No. 1 CA-JV 13-0285
FILED 4-24-2014

Appeal from the Superior Court in Maricopa County
No. JD23280
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Maurice Portley joined.

---

**K E S S L E R**, Presiding Judge:

¶1            Shaylene E. ("Mother") appeals the juvenile court's order terminating her parental relationship with her daughter, B.E.   For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2            Mother is the biological parent of B.E., born in 2010, and J.E.,[1] born in 2013.  At the time of his birth, J.E. and Mother tested positive for amphetamines.  Child Protective Services ("CPS") was contacted and during its investigation learned that Mother had another child, B.E., residing with a maternal great-aunt in Kingman, Arizona.  B.E. had been residing with her great-aunt since she was approximately six weeks old because Mother was unable to provide for her.

¶3            In April 2013, the juvenile court found B.E. dependent and set the case plan to family reunification concurrent with severance and adoption.  Mother was referred to TERROS Families First for substance abuse treatment, but did not participate.  Mother was also referred to TASC to submit random urinalyses.  She submitted only one urinalysis, the results of which were negative.

¶4            In July 2013, B.E.'s Guardian Ad Litem ("GAL") filed a motion to terminate Mother's parental rights, alleging Mother was unable to fulfill her parental responsibilities due to a history of chronic substance abuse.   The GAL further alleged that termination was in B.E.'s best interests because termination would allow B.E. to be adopted by her great-aunt, thereby providing permanency and stability with a relative capable of meeting B.E.'s needs.  At the initial severance hearing on August 22, 2013, Mother contested termination as to B.E. and requested a pretrial

---

[1] Mother did not contest termination as to J.E. Therefore the termination as to J.E. is not a subject of this appeal.

conference, but did not contest the termination as to J.E. As a result, the pretrial conference for B.E. was scheduled for September 27, 2013, and following testimony, the court severed Mother's parental rights to J.E.[2]

**¶5** Mother did not attend the scheduled pretrial conference hearing. Mother's attorney was unaware where her client was and had not had any contact with her since the August 22 hearing. The case manager testified that Mother came to the CPS office on September 6 and Mother had acknowledged the hearing date at that time. Therefore, the court found Mother waived her rights by failing to appear.

**¶6** The court received testimony to support the severance action. The CPS case manager opined that Mother's parental rights should be terminated because Mother had failed to maintain a normal parent-child relationship, was unable to provide financial support for B.E., and had refused to participate in reunification services. The case manager also opined that termination was in B.E.'s best interests because it would allow B.E.'s great-aunt, with whom B.E. had been living with most of her life, to adopt her. Based on the case manager's testimony and CPS's May 17, 2013 Progress Report, the court ordered termination of Mother's parent-child relationship with B.E. pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1) (2014)[3] (abandonment).

**¶7** Mother filed a motion to reconsider and to set aside the termination order on October 15, 2013, arguing that she had good cause for failing to appear. Mother alleged that she received correspondence that the severance publication hearing for the fathers, also scheduled on September 27, had been vacated and rescheduled for December 3, 2013. The motion alleged that Mother mistakenly understood the order also rescheduled her pretrial conference and, as a result, Mother failed to appear for her hearing. While her motion for reconsideration was pending, Mother filed a timely notice of appeal from the severance order. As a result, the juvenile court issued a minute entry on November 15, 2013 refusing to rule on Mother's motion to reconsider. The court concluded that Mother's notice of appeal deprived it of jurisdiction to rule on the motion. This Court subsequently issued an order suspending Mother's

---

[2] After scheduling the pretrial conference for the contested severance as to B.E., Mother asked to be excused for the remainder of the hearing related to the uncontested severance of J.E.

[3] We cite to the current versions of statues when no revisions material to this decision have since occurred.

appeal and remanding the matter to the juvenile court to rule on the merits of Mother's motion to reconsider.

**¶8** On March 12, 2014, the juvenile court issued a minute entry denying Mother's motion to reconsider. The juvenile court found Mother had received notice of the pretrial conference date at the August 22 hearing and in the subsequent minute entry.[4] The juvenile court also found Mother's reliance on the order rescheduling the severance publication hearing as to fathers was unreasonable because the hearing related to Mother and the hearing related to fathers were clearly outlined in the August 22 minute entry. Additionally, the order rescheduling the publication hearing made no reference to Mother or the pretrial conference.

**¶9** Mother filed a timely amended appeal on March 19, 2014 but did not file a supplemental brief. We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2014) and 12-120.21(A)(1) (2003).

## DISCUSSION

**¶10** Mother argues that the juvenile court erred by denying her motion to reconsider because she established good cause for failing to appear.[5] She also argues that the court erred by proceeding by default and finding termination was in the best interests of B.E.

I.    Good Cause for Failure to Appear

**¶11** We review a juvenile court's decision on good cause for non-appearance for an abuse of discretion and "will reverse only if the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 230 (App. 2007) (internal quotations and citation omitted).

**¶12** The juvenile court may proceed with a severance hearing by default if a parent fails to appear at the hearing without good cause after having been notified of the hearing and the consequences of a failure to

---

[4] In the minute entry denying Mother's motion, the juvenile court stated that the initial severance hearing was held August 27, 2013 however; the record indicates the hearing was August 22.

[5] Because Mother did not file a supplemental brief, we will only consider the arguments presented in her opening and reply briefs.

appear. *See* A.R.S. § 8-537(C) (2014); Ariz. R.P. Juv. Ct. 64(C). To demonstrate good cause to set aside a default finding, the moving party must show that:

> (1) mistake, inadvertence, surprise or excusable neglect exists, and (2) a meritorious defense to the claims exists. Excusable neglect exists if the neglect . . . is such as might be the act of a reasonably prudent person in the same circumstances. A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge.

*Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304-05, ¶ 16, 173 P.3d 463, 468-69 (App. 2007) (internal quotations and citations omitted).

**¶13** In support of its order denying Mother's motion to reconsider, the juvenile court found that Mother's reliance upon the order rescheduling the severance publication hearing was unreasonable and did not constitute excusable neglect sufficient to demonstrate good cause. Mother attended the initial severance hearing, was present for the pretrial conference date and the subsequent minute entry from that proceeding clearly distinguished between the pretrial conference for Mother on September 27, 2013, and the severance publication hearing for fathers. A reasonably prudent person, therefore, would not have confused the two, and the court did not abuse its discretion in denying Mother's motion to reconsider.

**¶14** Mother argues that only deliberate conduct justifies default, and explains that a party's conduct is deliberate if she intends to delay proceedings. Mother asserts that the court should have found good cause because her failure to appear was merely a misunderstanding of the correct date, and she did not intend to delay the proceedings.

**¶15** We disagree with Mother. As explained above, the court may find that a parent has waived her rights if she fails to appear after being informed that the matter may proceed by default if she fails to attend any hearing. *See also Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 211, ¶ 20, 181 P.3d 1126, 1132 (App. 2008). Here, Mother was told at the August 22, 2013 hearing and by minute entry that failure to appear may result in a waiver of her rights and an adjudication of the issues. Because Mother had notice of what could occur if she failed to attend the

pretrial conference, the court did not abuse its discretion by proceeding by default.

**¶16**      Mother's reliance on *FOC Financial Limited Partnership v. National City Commercial Capital Corporation*, 612 F. Supp. 2d 1080, 1082 (D. Ariz. 2009), is misplaced. *FOC* merely addressed when an entry of default could be set aside in a breach of contract case. *Id.*

II.      Best Interests

**¶17**      Before terminating a parent-child relationship, the court must consider the best interests of the child. A.R.S. § 8-533(B). That termination is in the best interests of the child must be demonstrated by a preponderance of the evidence. *Ariz. Dep't of Econ. Sec.* v. *Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010). The court must make "a finding as to how the [child] would benefit from a severance or be harmed by the continuation of the relationship." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30, 231 P.3d 377, 383 (App. 2010) (internal quotations and citation omitted). The court may consider a number of factors in making a best interest determination, including: (1) whether adoptive placement is immediately available, (2) whether the existing placement is meeting the child's needs, and (3) whether the child is adoptable. *Id.* On appeal, we review the juvenile court's findings of fact in the light most favorable to upholding the order and will not disturb its determination unless no reasonable evidence exists to support its factual findings. *Matthew L.*, 223 Ariz. at 549, ¶ 7, 225 P.3d at 606.

**¶18**      Mother does not dispute B.E.'s adoptability. Instead, Mother argues that because the court erred by finding no good cause for her non-appearance and proceeding by default, she was denied the opportunity to testify regarding her bond with B.E., thereby rendering the best interests finding defective. Although Mother was not present, the court heard testimony that supports its best interests finding. Namely, the CPS case manager testified regarding Mother's inability to care for B.E. given her history of chronic drug abuse, and that severance would allow B.E. to be adopted by her great-aunt and allow both siblings to remain together. Consequently, we find no abuse of discretion.

**CONCLUSION**

**¶19** The juvenile court did not abuse its discretion in finding no good cause for Mother's failure to appear, and we affirm its order to proceed by default. Additionally, because the evidence sufficiently supported a best interests finding, we affirm the juvenile court's order to terminate Mother's parental rights to B.E.



Ruth A. Willingham · Clerk of the Court
FILED: MJT